UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADOLFO PATRICIO AGAPITO and JOSE FRANCISCO REQUELME PLIEGO, *individually and on behalf of others similarly situated*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-v-<br><br>AHDS BAGEL LLC d/b/a PICK A BAGEL, et al.,<br>　　　　　　　　　　Defendants. | 16-CV-8170 (JPO) |
| MAXIMO PATRICIO, *individually and on behalf of others similarly situated*,<br>　　　　　　　　　　Plaintiff,<br><br>-v-<br><br>AHDS BAGEL LLC d/b/a PICK A BAGEL, et al.,<br>　　　　　　　　　　Defendants. | 17-CV-4127 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

　　In these two related cases, former employees of a bagel restaurant on Manhattan's Upper East Side ("Plaintiffs") seek to hold their erstwhile employers liable for alleged violations of federal and state labor laws. (SDNY No. 16 Civ. 8170 ("*Agapito*"), Dkt. No. 45 ¶¶ 1–2, 107–36; SDNY No. 17 Civ. 4127 ("*Patricio*"), Dkt. No. 1 ¶¶ 1–2, 78–103.) Defendants in each suit are three individuals—Ariey Nussbaum, Islam Abbas, and Haim Wysoki (collectively, the "Individual Defendants")—who allegedly own, control, and operate the restaurant, as well as the two corporate entities—AHDS Bagel LLC and 1101 Bagel Corp. (collectively, the "Corporate Defendants")—through which they allegedly do so. (*Agapito*, Dkt. No. 45 ¶¶ 21–25; *Patricio*, Dkt. No. 1 ¶¶ 19–23.)

1

These cases proceeded to discovery and were set to be tried together before a jury beginning on June 4, 2018. (*Agapito*, Dkt. No. 59; *Patricio*, Dkt. No. 29.) Just days before trial was due to commence, however, the Corporate Defendants filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York (the "EDNY Bankruptcy Court") (*Agapito*, Dkt. No. 82; *Patricio*, Dkt. No. 31), and all legal proceedings against them, including the instant cases, were automatically stayed by operation of law, *see* 11 U.S.C. § 362(a)(1). Though the automatic stay applied to the Corporate Defendants alone, this Court, on Defendants' request, temporarily stayed the instant cases as to all Defendants. (*Agapito*, Dkt. No. 89; *Patricio*, Dkt. No. 36.)

On August 23, 2018, the EDNY Bankruptcy Court modified the automatic bankruptcy stay to allow the instant cases to proceed against the Corporate Defendants. (*Agapito*, Dkt. Nos. 101-1, -2; *Patricio*, Dkt. Nos. 43-1, -2.) Consequently, Plaintiffs now request that this Court lift the stays it has imposed in these proceedings and reschedule the cases for trial. (*Agapito*, Dkt. No. 101; *Patricio*, Dkt. No. 43.) Defendants, however, have a different view about how these cases should proceed. Although they agree that the time has come to determine the amount, if any, of their liability to Plaintiffs, they believe it should fall to the EDNY Bankruptcy Court— and not this Court—to make that determination. Accordingly, they have moved for this Court to refer these cases to the EDNY Bankruptcy Court. (*Agapito*, Dkt. No. 97; *Patricio*, Dkt. No. 38.)

Defendants' chief contention is that referral here should be "automatic." (*Agapito*, Dkt. No. 98 at 1; *Patricio*, Dkt. No. 39 at 1.) The Bankruptcy Code provides that "[e]ach district court may provide that any or all cases under [the Bankruptcy Code] and any or all proceedings arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code] shall be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a), and this

2

Court has by standing order directed that all such cases and proceedings "are referred to the bankruptcy judges for this district," *In re Standing Order of Reference*, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012). Plaintiffs have not disputed—nor could they dispute—that these cases are at least "related to" the Corporate Defendants' ongoing bankruptcy proceedings. *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) ("[A] civil proceeding is 'related to' a [bankruptcy] case if the action's 'outcome might have any "conceivable effect" on the bankrupt estate.'" (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992))).

Ordinarily, then, this Court would grant Defendants' referral motions as a matter of course. Here, though, there is a wrinkle. This Court's standing order contemplates referral to "the bankruptcy judges for *this* district," *i.e.*, the *Southern* District of New York, but the Corporate Defendants' bankruptcy cases are proceeding in the *Eastern* District of New York. For good reason, no party here argues in support of a remand to *this* district's bankruptcy court, which is a stranger not only to the labor-law claims that have already proceeded almost to the point of trial in this Court but also to the Chapter 11 proceedings that could justify moving these cases into bankruptcy court. Accordingly, to the extent that reference to this district's bankruptcy court is "automatic," this Court exercises its authority to withdraw the reference on its own motion. *See* 28 U.S.C. § 157(d); *In re Formica Corp.*, 305 B.R. 147, 149 (S.D.N.Y. 2004) (noting that "considerations of judicial economy" weigh on whether to withdraw a reference to bankruptcy court).

That said, this Court agrees with Defendants that adjudication of the instant cases ought to proceed in bankruptcy court. Although the previously referenced standing order does not control the outcome here, the order is instructive insofar as it reflects this Court's considered

view that suits relating to a bankruptcy should typically be consolidated in bankruptcy court. *Cf. In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990) ("[T]he district in which [an] underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy."). This view honors the fact that "[a] principal purpose served by the Bankruptcy Code is the centralization of all disputes concerning the property of a debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *Reifler v. Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP*, 435 B.R. 118, 120–21 (S.D.N.Y. 2010). Here, moreover, Plaintiffs have filed claims in the EDNY Bankruptcy Court against the Corporate Defendants' estates (*Agapito*, Dkt. No. 87-2; *Patricio*, Dkt. No. 35-2) and have thereby affirmatively "subject[ed] themselves to th[at] court's equitable power" to allow or disallow those claims, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989). Not only does this additional fact mitigate any prejudice Plaintiffs might suffer as a result of having the underlying merits of their labor-law suits resolved in the Eastern District of New York rather than a stone's throw away in their chosen venue of the Southern District, but it also further entwines the instant suits with the bankruptcy proceedings.

Nor is it dispositive that the instant cases include claims against Individual Defendants who have not filed for bankruptcy alongside claims against the Corporate Defendants that have. In authorizing all matters broadly "related to" a bankruptcy to proceed in bankruptcy court, Congress was sensitive to the fact that "bifurcation of jurisdiction over matters obviously pertinent to [a] bankruptcy case . . . serve[s] [no] identifiable policy objective; indeed, it seem[s] to promote nothing but delay, inconvenience, and the litigation of abstruse jurisdictional issues, all of which tend[] to work to the prejudice of the estate." *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983). What is more, relying on the presence of the Individual Defendants in these cases as

4

a basis for segregating all or part of the cases from the comprehensive Chapter 11 proceedings ongoing in the EDNY Bankruptcy Court would be particularly nonsensical in light of the fact that Plaintiffs themselves contend that the Individual Defendants "operate [the Corporate Defendants] as . . . alter egos of themselves and/or fail to operate [the Corporate Defendants] as entities legally separate and apart from themselves." (*Agapito*, Dkt. No. 45 ¶ 32; *Patricio*, Dkt. No. 1 ¶ 30.)

While this Court concludes that transferring these cases to the EDNY Bankruptcy Court would best serve the efficient administration of justice, this Court can effect such a transfer only if it has the legal authority to do so. As an initial matter, the parties have not identified any source of law authorizing a district court to transfer a case to another district's bankruptcy court. Nonetheless, because the Eastern District of New York, like the Southern District, has in place a standing order that refers all bankruptcy-related cases to the district's bankruptcy court, *see Pergament ex rel. Estate of Barkany v. Marina Dist. Dev. Co.*, No. 14 Civ. 2602, 2018 WL 5018654, at *2 n.5 (E.D.N.Y. Oct. 15, 2018), transfer to the United States District Court for the Eastern District of New York would serve the same prudential ends—provided, again, that this Court has legal authority to pursue such a course.

Two potential sources of transfer authority suggest themselves here. First, under the bankruptcy-specific transfer statute, "[a] district court may transfer a case or proceeding under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Second, under the generally applicable transfer statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* § 1404(a). "[C]ourts consider the same factors" under both statutes in assessing whether the

5

interest of justice militates in favor of transfer. *Del. Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 519 (S.D.N.Y. 2015). Chief among these factors is "whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990). As the Court has explained, these factors support transfer here.

That is not the end of the analysis, however. The bankruptcy-specific transfer statute can apply only if the Court determines that the instant labor-law suits—which predate the bankruptcy proceedings in the EDNY Bankruptcy Court and which do not themselves invoke the Bankruptcy Code—constitute "case[s] or proceeding[s] under [the Bankruptcy Code]." 28 U.S.C. § 1412. And the generally applicable transfer statute can apply only if the Court determines that these suits "might have been brought" in the Eastern District of New York from the outset. *Id.* § 1404(a); *see Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (holding that transfer under the general transfer statute is available only where "plaintiff ha[d] a right to sue in [the transferee] district, independently of the wishes of defendant" at the time the suit was commenced, irrespective of later developments (quoting *Blaski v. Hoffman*, 260 F.2d 317, 321 (7th Cir. 1958))).

The existing briefing does not address these issues, and the Court hesitates to proceed without giving the parties an opportunity to state their positions. Accordingly, the parties are directed to file supplemental briefing, not to exceed ten pages, by 5:00 p.m. on November 7, 2018. Briefing shall be confined to the following three questions:

> 1) Whether Plaintiffs' labor-law suits are "case[s] or proceeding[s] under [the Bankruptcy Code]" within the meaning of 28 U.S.C. § 1412;

6

2) Whether those suits "might have been brought" in the Eastern District of New York within the meaning of 28 U.S.C. § 1404(a); and

3) Whether any other legal basis exists for this Court to transfer Plaintiffs' suits to the Eastern District of New York.

Thereafter, each party shall be permitted to file a responsive brief of no more than five pages by 5:00 p.m. on November 14, 2018.

SO ORDERED.

Dated: October 29, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge